*Decisions will be entered under Rule 50.*

DARRELL SPEAR COURTNEY AND HAZEL MARGARET COURTNEY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67200.    Filed May 12, 1959.

*Darrell Spear Courtney, pro se.*
*Nat F. Richardson, Esq.,* for the respondent.

338

## OPINION.

HARRON, *Judge:* In his income tax return for 1953, Form 1040, line 2, petitioner reported as "per diem" the receipt of $2,443, and he subtracted the same amount as "living expenses away from home." The respondent's determination disallowing the deduction was made under section 23 (a) (1) (A) of the 1939 Code. The petitioner does not refer to any particular statutory provision in support of his claim for

deduction, but it is understood that the issue arises under the provisions of section 23 (a) (1) (A).[1]

In his petition, petitioner itemized expenses of $2,433. There is no explanation of the discrepancy in the amount of $10.

Petitioner did not file a brief and he has not otherwise cited any authorities in support of his claim for a deduction, but he relies largely upon the letter of Gudmundson,[2] as well as upon his own testimony. It is understood from both that it is petitioner's contention that his employment at Edwards Air Force Base was "temporary" and that, therefore, he incurred expenses while away from home which he is entitled to deduct under section 23 (a) (1) (A). It appears that petitioner relies on *Harry F. Schurer*, 3 T.C. 544, but the *Schurer* case was decided before *Commissioner* v. *Flowers*, 326 U.S. 465, and *Puerifoy* v. *Commissioner*, 358 U.S. 59, which control.

The respondent contends that the expenses in question were not incurred "while away from home in the pursuit of a trade or business" within the meaning of section 23 (a) (1) (A); that petitioner's tax "home" during 1953 was Edwards Air Force Base, not Downey; and that the expenses in question were not incurred in pursuit of the business of his employer but were nondeductible personal expenses. Respondent relies chiefly upon *Commissioner* v. *Flowers, supra*.

Before considering the various items for which deductions are claimed, it is advisable first to consider the nature of the allowance petitioner received from his employer. The cash allowance of about $47 per week, in addition to salary, was "intended to cover the employee's expenses (food, lodging, etc.) over and above the normal expenses he would incur while working at the home plant." Such allowance totaled $2,443 during 1953. The allowance was paid because it was understood that petitioner's living expenses in the vicinity of the Edwards Base would be greater than they would have been if he had continued to work at and live near Downey.

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *

[2] Gudmundson's letter includes the following statements:

"This letter presents certain facts relative to the temporary nature of this project * * *. * * * this phase of the missile development program was established at Edwards Air Force Base on a temporary basis by the United States Air Force, and this company therefore necessarily regarded its work at Edwards Air Force Base to be temporary. The temporary aspect of the arrangements at Edwards Air Force Base was emphasized by the fact that the Air Force was constructing a permanent missile test station and range on the east coast of Florida expressly for the continuation of the program which had been commenced at Edwards Air Force Base. This company's missile test organization moved to the Florida location from Edwards Air Force Base subsequent to 1953."

A cash allowance for food, lodging, and similar items, in addition to wages, is income within the scope of section 22(a). See *Gunnar Van Rosen*, 17 T.C. 834, involving a cash allowance in lieu of subsistence and quarters paid to a civilian employee of the Army Transportation Corps. In *Charles H. Hyslope*, 21 T.C. 131, it was held that an allowance paid to a State police trooper, in addition to his salary, as reimbursement for various expenses which he incurred, was income within section 22(a). In this case, there can be no doubt that the cash allowance of $2,443 is gross income under section 22(a). The additional allowance was a bonus which was paid as additional compensation for services to induce petitioner to accept a transfer of the location of his employment to a place where his living expenses would be higher.

It is the general scheme of the income tax statute that a taxpayer is required by the provisions of section 22(a) to include in gross income all gains and profits, all compensation for personal services of whatever kind and in whatever form paid, and income derived from any source whatever. Section 22(b) specifies the items to be excluded from gross income which otherwise would fall within the broad scope of section 22(a). (Section 22(b) is not involved here.) Section 24 sets forth items which are not deductible. Section 24(a)(1) provides that no deduction shall be allowed for personal, living, or family expenses. Section 23(a)(1)(A), however, allows deduction of "the entire amount expended for meals and lodging," along with the expense of travel, *if* such expenses are trade or business expenses paid or incurred for travel "while away from home in the pursuit of a trade or business." Since the expense of food and lodging ordinarily is living expense, the above provision in section 23(a)(1)(A) represents an exception to section 24(a)(1), provided the conditions set forth are met. The general rule is that since deductions are a matter of legislative grace there must be compliance with the conditions in the statute which are made the basis for an allowable deduction, and the statutory provisions which permit deductions must be strictly construed.

Three conditions must be satisfied in order to receive a deduction under section 23(a)(1)(A) for the expenses of meals, lodging, and transportation, and if any one of the three conditions is not satisfied the expense is personal and nondeductible. The three conditions are as follows: (1) The food, lodging, and transportation expense must be business traveling expense which is reasonable and necessary. (2) There must be a direct connection between the food, lodging, and transportation expense and the carrying on of the employer's business (or the taxpayer's business); and there must be pursuit of the employer's business which necessitates the employee's incurring the

expenses for food, lodging, and transportation. (3) Such expense must be incurred while traveling away from home. *Commissioner* v. *Flowers, supra.* "Home" as used in the statute has been construed to mean the taxpayer's principal place of employment or business, and the job must require the traveling expenses. *Carragan* v. *Commissioner*, 197 F. 2d 246, 249; *O'Toole* v. *Commissioner*, 243 F. 2d 302, 303. It was said, in substance, in the *Flowers* case, *supra*, that in order to come within the provisions of section 23(a) (1) (A) the expenses for which a taxpayer seeks a deduction must have been incurred in connection with business trips and "[b]usiness trips are to be identified in relation to business demands and the traveler's business headquarters. The exigencies of business rather than the * * * necessities of the traveler must be the motivating force."

Consideration of the entire record leads to the conclusion that the three conditions in the statute are not met. The situation was, in simple terms, as follows: North American, under a contract with the Air Force, undertook a new project for the Air Force which required the performances of services at Edwards Air Force Base by personnel employed by North American. When North American undertook to recruit personnel for the new work it was understood that the place of employment would be at Edwards Base. As far as we are informed, it is clear that none of the work was to be done at North American's plant at Downey, at least, as far as petitioner was concerned. When petitioner accepted assignment to the project he assumed new duties, he entered upon different work, his principal place of employment was changed from Downey to Edwards Base, and petitioner did not continue to have a place of employment in Downey. Petitioner's new job at Edwards Base did not involve his traveling for North American on any business trips; petitioner's duties were carried out by him at Edwards Base. In short, petitioner, in 1952, was transferred to a new post of duty where he remained until about March 1954. Under these facts and circumstances it is concluded that none of the expenses involved were incurred while away from petitioner's principal place of employment; there was no direct connection between any of the expenses and the carrying on of North American's business; and the pursuit of North American's business did not necessitate any of the expenses at issue.

It is immaterial that North American understood that the work under its contract which was commenced and carried on at Edwards Base would not be completed there but would be continued at another missile testing base in Florida when the Air Force was ready to move its missile testing project there. Apparently North American's work under the contract involved a continuing service throughout at the situs of the basic work being done by the Air Force. Although an

eventual change in the situs of the activities of the Air Force was contemplated when the contract was awarded in 1952, there was not an understanding in 1952 with North American that North American's services at the Edwards Base would be terminated after the expiration of a definite period, or would be of such short duration as to constitute North American's working quarters at Edwards Base a transient location of its operations, even though it was not permanent. Many of North American's task force moved to the vicinity of Edwards Base. Their work there, including petitioner's work, was not transitory. Petitioner was not in a travel status during 1952 and 1953. When, in 1954, the project was moved to Florida, petitioner and his coworkers were, in fact, assigned to a new post of duty.

Under all of the circumstances, Gudmundson's characterization of North American's work at Edwards Base as "temporary" is of no significance. In *Henry C. Warren*, 13 T.C. 205, we regarded as immaterial an employer's classification of the taxpayer's job as "temporary" where the evidence showed that the taxpayer acquired a post of duty where he accepted employment. See, also, the following cases where it was held that although a job site was not permanent, it was the taxpayer's principal place of employment and post of duty and expenses of meals, lodging, and transportation were not "traveling" expenses under section 23(a)(1)(A): *York* v. *Commissioner*, 160 F. 2d 385; *Ney* v. *United States*, 171 F. 2d 449, certiorari denied 336 U.S. 967; *Andrews* v. *Commissioner*, 179 F. 2d 502; *Ford* v. *Commissioner*, 227 F. 2d 297; *William W. Todd*, 10 T.C. 655; *Robert F. Green*, 12 T.C. 656; *Beatrice H. Albert*, 13 T.C. 129; *Willard S. Jones*, 13 T.C. 880; *Michael J. Carroll*, 20 T.C. 382; *James R. Whitaker*, 24 T.C. 750. This case is indistinguishable from the above cases.

Petitioner's employer paid him an allowance of about $47 per week which was intended to cover the differential between lower living costs at Long Beach and higher costs in the vicinity of Edwards Base. This was not a per diem to cover traveling expenses as that term is ordinarily understood. The fact that a taxpayer receives an allowance from his employer to cover additional living expenses does not in and of itself serve to bring the expenses covered by such allowance within section 23(a)(1)(A), and no other statutory provision is involved here under which such allowance can be considered. An allowance which is paid in addition to the employee's regular wages, or basic salary, may be nothing more than extra compensation for services which the employer pays out of consideration for extra personal expenses which the employee must incur because of the conditions under which he must carry on his duties at his post of duty and place of employment. An employer often reimburses an employee for expenses which clearly are the traveling expenses contemplated by section

23(a)(1)(A), but all reimbursed expenses are not traveling expenses within the provisions of the statute, particularly where the expense is unnecessary and inappropriate to the conduct of the employer's business and has no direct relation to the exigencies of that business. Thus, in *Charles H. Hyslope, supra*, the taxpayer was required to prove whether all or part of an allowance satisfied the conditions prescribed in section 23(a)(1)(A) and it was held that certain expenses which were covered by the allowance were nondeductible personal expenses. See, also, *Barnhill* v. *Commissioner*, 148 F. 2d 913, where the taxpayer received an allowance of $1,550 per year in addition to salary to cover certain living and transportation expenses but deduction for the reimbursed expenses was disallowed because the conditions contained in the statute were not satisfied. In *Michael J. Carroll, supra*, the taxpayer was a civilian employee of the War Department who was assigned to a post of duty in Seoul, Korea. He received a basic, annual salary, and, in addition, a 25 per cent overseas differential which amounted to $1,476 during the taxable year. He claimed a deduction, as traveling expenses while away from home, for certain living expenses incurred at his post of duty, but since his place of employment was at Seoul, deduction under section 23(a)(1) (A) was disallowed. We rejected the contention that his employment in Korea was "temporary." This case is not distinguishable from the *Carroll* case.

Since the expenses in question were incurred by petitioner at his post of duty and principal place of employment, they are not deductible under section 23(a)(1)(A).

Consideration is given to whether any one of the items of expense is deductible under all of the circumstances for any special reasons.

At the end of 1952, petitioner moved his family residence to Lancaster which appears to have been the town closest to Edwards Base where he could rent living quarters for himself and his family. Lancaster is 35 miles from the base and petitioner made a round trip by car of 70 miles per day between his residence and his place of employment. The cost of mileage was in the nature of commuting expense. Commuting expenses have never been allowed as a deduction. Regs. 118, sec. 39.23(a)–2(i); *Frank H. Sullivan*, 1 B.T.A. 93. This rule must be followed regardless of the distance between the place of abode and the place of employment, *Barnhill* v. *Commissioner, supra; Beatrice H. Albert, supra; Commissioner* v. *Flowers, supra;* or of any equitable consideration, *John C. Bruton*, 9 T.C. 882. Deduction of $959 for mileage expense is not allowable.

Petitioner claims a deduction of $520 for meals other than lunch which he purchased at Edwards Base when he worked overtime. It is a well established rule that expenses for meals while at work, or

en route to or from work, are personal expenses and are not deductible under section 23(a)(1)(A). *Louis Drill,* 8 T.C. 902; *Fred Marion Osteen,* 14 T.C. 1261; *Sam J. Herrin,* 28 T.C. 1303; *O'Toole* v. *Commissioner, supra.* Deduction for meals in the amount of $520 is not allowable.

Petitioner's expense of moving to Lancaster was not paid by North American. It amounted to $70, or more. The deduction is not allowable; it is not allowable under section 23(a)(1)(A) or (2). The expense was a personal expense. *York* v. *Commissioner, supra; Bercaw* v. *Commissioner,* 165 F. 2d 521; *George B. Lester,* 19 B.T.A. 549; *H. Willis Nichols, Jr.,* 13 T.C. 916. In the *Nichols* case, deduction for moving expense was disallowed an Army officer who moved his household goods from one post of duty to a new post. It was noted that such expense was not related to the performance of his work and duties.

Petitioner claims a deduction of $250 for alleged depreciation of his household goods and personal belongings which he contends resulted from moving them to Lancaster. If the alleged depreciation is regarded as part of petitioner's moving expense, it is not deductible under the cases cited above. A deduction for depreciation of personal belongings, the furniture and furnishings used in a taxpayer's residence, and other property devoted exclusively to personal use is not authorized by section 23(1). *Bradley* v. *Commissioner,* 184 F. 2d 860. The deduction is denied.

Petitioner claims deductions of $360 for rent and $274 for utilities, which amounts represent the increases above what he would have paid in Long Beach if he had not moved to Lancaster. These expenses are living and family expenses deduction of which is expressly denied by section 24(a)(1). A taxpayer's living expenses while he is carrying on his work at his post of duty and place of employment are personal and are not deductible business expenses under section 23(a)(1)(A). *York* v. *Commissioner, supra; Michael J. Carroll, supra.* The deductions are denied.

All of the expenses at issue are nondeductible personal expenses; none of them come within section 23(a)(1)(A). The respondent's determination is sustained.

*Decision will be entered for the respondent.*