Eugene W. Simpson v. Commissioner.
Simpson v. Commissioner
Docket No. 66776.
United States Tax Court
T.C. Memo 1960-192; 1960 Tax Ct. Memo LEXIS 98; 19 T.C.M. (CCH) 1003; T.C.M. (RIA) 60192; September 20, 1960
Daniel R. Dixon, Esq., 600 Capital Club Building, Raleigh, N.C., for the petitioner. John L. Ridenour, III, Esq., for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: The respondent determined a deficiency of $589.49 in the petitioner's income tax for the calendar year 1954. The question presented is whether an amount expended by petitioner for board and lodging at a job site is deductible under section 162(a)(2) of the Internal Revenue Code *99 of 1954, or whether that amount constitutes a nondeductible personal expenditure under section 262 of the Code. Findings of Fact Some of the facts are stipulated and are hereby found as stipulated. Petitioner, a married individual, filed a separate income tax return for the taxable year 1954 with the district director of internal revenue at Greensboro, North Carolina. Petitioner is a journeyman plumber and has, on occasion, held positions above that of journeyman, namely, positions from foreman to general superintendent. Petitioner has, in the period from 1921 to 1954, worked at approximately 50 construction sites. Petitioner's work is usually in connection with heavy construction. His employment at any particular site usually ends when the construction work requiring his skills is completed. Petitioner usually obtained employment through his union. However, the employment in which petitioner was engaged during the year 1954 and with which we are here concerned was obtained through a personal contact. The general mechanical superintendent of a construction job in the vicinity of Chillicothe, Ohio, contacted petitioner in Charlotte, North Carolina, and asked him to come *100 to Ohio to accept a job as underground superintendent. Although petitioner was informed that it was "a big job" that was open in Ohio, at the time petitioner accepted the job, he had no knowledge of its duration. The construction work in the vicinity of Chillicothe, Ohio, was being performed by the Grinnell Corporation. Petitioner was employed by the Grinnell Corporation on September 10, 1953, and assigned to duties as underground superintendent. Petitioner paid the expense of transporting himself in September 1953 from Charlotte, North Carolina, to the job site near Chillicothe, Ohio. The Grinnell Corporation offered to pay petitioner the sum of $750 for moving his furniture from Charlotte, North Carolina, to the vicinity of the job site. Petitioner did not move his furniture and accordingly did not receive this sum. Throughout the period from September 10, 1953, to February 4, 1956, petitioner maintained a residence in Charlotte, North Carolina. Petitioner acquired this residence in 1947 and he has lived there continuously since that date except when he was "on the road." Petitioner performed duties as underground superintendent for a period of approximately 11 months. At the *101 end of this period petitioner and his wife went on a vacation trip to Houston, Texas. Petitioner received pay from the Grinnell Corporation for the time he was on this vacation. Upon his return from this vacation, he was requested by his employer to take the "swing shift," a shift from 4:30 P.M. to 12:30 A.M. His duties in connection with this shift included the supervision of welding of pipes used in connection with the equipment installed in buildings at the site. Petitioner performed these duties for a period of approximately 12 or 13 months. Between the conclusion of his duties as underground superintendent and his commencement of duties on the swing shift, petitioner was not processed out by the personnel department of Grinnell Corporation, a practice customarily complied with when an employee of that corporation terminates employment. At the end of the 12 or 13 month period during which petitioner was on the swing shift, he was requested by his employer to go on the "graveyard" shift to take over duties as general area superintendent. Petitioner's duties on this shift included supervision, maintenance, and the turning over of the equipment. Petitioner concluded these duties *102 and his employment with Grinnell Corporation terminated on February 4, 1956. Petitioner's expense of transporting himself from the vicinity of Chillicothe, Ohio, to Charlotte, North Carolina, was paid by the Grinnell Corporation. Petitioner had never worked for Grinnell Corporation prior to September 10, 1953, and he has not worked for that corporation subsequent to February 4, 1956. There was no written contract of employment and no specific understanding as to duration of employment between petitioner and Grinnell Corporation. Petitioner's employment depended upon his performing satisfactorily and there remaining construction work requiring his particular skills. It was contemplated that his employment would terminate, in any event, upon completion of the construction project. Petitioner's employment did in fact terminate for the reason that there did not remain work requiring his skills. Although petitioner performed duties of three different types, he was employed continuously from September 10, 1953, to February 4, 1956, by the Grinnell Corporation on a single construction project at one site in the vicinity of Chillicothe, Ohio. During the year 1954 petitioner resided *103 at the Cricket Motel located at or near Chillicothe. For the first three months of the year petitioner occupied a double room with a fellow employee at a cost of $15 per week to the petitioner. For the last nine months of the year petitioner occupied a single room at a cost of $25 per week. During the year 1954 petitioner took his meals at various places and at various prices. Petitioner expended an average of 65 cents for breakfast, one dollar for lunch, and $1.80 for supper. Petitioner expended the sum of $2,000 for lodging and meals during the year 1954. Petitioner kept no records of his expenditures for meals and lodging. On his income tax return for the taxable year 1954 petitioner, in determining adjusted gross income, deducted the amount of $2,000 as expenses of travel, namely, meals and lodging while away from home. The respondent in his deficiency notice disallowed the entire amount claimed as representing personal and living expenses the deduction of which is prohibited by section 262 of the Internal Revenue Code of 1954. Petitioner's employment by the Grinnell Corporation at Chillicothe, Ohio, was "indefinite" in duration rather than "temporary. *104 " Opinion Section 262 of the Internal Revenue Code of 1954 provides that no deduction shall be allowed for personal, living or family expenses. Section 162(a)(2), however, allows the deduction of the entire amount expended for meals and lodging together with travel expenses, provided that such expenses are trade or business expenses paid or incurred for travel "while away from home in the pursuit of a trade or business." Since the expense of food and lodging ordinarily is a living expense, the above provision in section 162(a)(2) represents an exception to section 262, provided the conditions set forth are met. Darrell Spear Courtney, 32 T.C. 334 (1959). As we recently said in Darrell Spear Courtney, supra: "Three conditions must be satisfied in order to receive a deduction under section 23(a)(1)(A) [now section 162(a)(2)] for the expenses of meals, lodging, and transportation, and if any one of the three conditions is not satisfied the expense is personal and nondeductible. The three conditions are as follows: (1) The food, lodging, and transportation expense must be business traveling expense which is reasonable and necessary. *105 (2) There must be a direct connection between the food, lodging, and transportation expense and the carrying on of the employer's business (or the taxpayer's business); and there must be pursuit of the employer's business which necessitates the employee's incurring the expenses for food, lodging, and transportation. (3) Such expense must be incurred while traveling away from home. Commissioner v. Flowers, * * * [326 U.S. 465 (1946)." In respect of the third condition, "home" as used in the statute has been construed to mean the taxpayer's principal place of employment or business. Darrell Spear Courtney, supra, and cases cited therein; Floyd Garlock, 34 T.C. - (June 29, 1960). Within the statutory framework of sections 162(a)(2) and 262, expenses incurred by an employee for meals and lodging at his principal place of employment or his principal post of duty are not deductible, and, in order for such expenses to be deductible as an expense of business travel, they must be incurred while the taxpayer is temporarily living and working away from his headquarters, post of duty, and "home." The now-prevailing view is that the expenses of meals and lodging at *106 the place of the taxpayer's employment are not an ordinary and necessary business travel expense "within the meaning of section 23(a)(1)(A) [or section 162(a)(2)] if the employment is of substantial or indefinite duration." John J. Harvey, 32 T.C. 1368, 1387 (1959), and cases cited therein. Whether any specific employment is temporary or indefinite presents a question of fact to be resolved in the light of the facts and circumstances presented in each particular case. Peurifoy v. Commissioner, 358 U.S. 59 (1958). We have found that petitioner was employed continuously from September 10, 1953, to February 4, 1956, by the Grinnell Corporation on a single construction project at one site. Petitioner's contention that each of the three assignments he had while on this job constituted a separate employment is without merit. See Floyd Garlock, supra. We have further found that at the time petitioner accepted the job with Grinnell Corporation he had no knowledge of its duration, knowing only that it was "a big job" that was open in Ohio. There is no evidence that the termination of this employment was foreseen within a fixed or reasonably short period of *107 time, John J. Harvey, supra, or that it was temporary in contemplation at the time of its acceptance. It has been recognized that work in the heavy construction industry, by its very nature, has a degree of impermanence. Commissioner v. Peurifoy, 254 F. 2d 483 (C.A. 4, 1957), affd. 358 U.S. 59. Employment in such a case is usually for each job only and lasts no longer than the need at that project for the particular skill of the individual employee. Here, as in Floyd Garlock, supra, the "Petitioner's employment may have lacked real permanence, but the mere absence of permanence does not necessarily imply that degree of temporariness which would allow deductibility of traveling expenses. The substantial and actual duration of petitioner's employment * * * indicates its indefiniteness." 34 T.C. - (June 29, 1960). We hold that petitioner's employment at Chillicothe, Ohio, was "indefinite" in duration rather than "temporary;" that the job site at Chillicothe was his principal post of duty during the taxable year 1954; that his expenses for meals and lodging in the amount of $2,000 were not business travel expenses "while away from home" within *108 the provisions of section 162(a)(2); and that the expenses involved were nondeductible personal and living expenses described in section 262. Decision will be entered for the respondent.