Victor Carlo and Patricia Carlo v. Commissioner.
Carlo v. Commissioner
Docket No. 84874.
United States Tax Court
T.C. Memo 1962-79; 1962 Tax Ct. Memo LEXIS 226; 21 T.C.M. (CCH) 409; T.C.M. (RIA) 62079; April 10, 1962
Victor Carlo, pro se, 4347 Kirkland Ave., Lancaster, Calif. Edward M. Fox, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: This proceeding involves deficiencies in income tax for 1956 and 1957 in the respective amounts of $524.80 and $523.15. The sole issue is whether certain allowances which petitioner, Victor Carlo, received in 1956 and 1957 from his employer are deductible as travel expenses. Findings of Fact Petitioners are husband and wife residing at Lancaster, California. They filed joint income tax returns for 1956 and 1957 at Los Angeles, California. In 1955 Victor Carlo, hereinafter referred to as petitioner, was employed as a flight test mechanic by Republic Aviation Corporation, *227 hereinafter referred to as Republic, at Farmingdale, Long Island, New York. In February 1955 petitioner's immediate supervisor asked him if he would like to go to Edwards Air Force Base, California, hereinafter sometimes referred to as Edwards, to work on its testing program of the experimental XF-84 airplane. Petitioner said he would and he was instructed to go to Edwards. There was no agreement regarding the transfer and no understanding as to the length of time that petitioner would be employed at Edwards. Such assignments were usually for the duration of the testing program for a particular airplane, which might be for only two or three months or for two years or more. Petitioner and his family which then consisted of his wife and three children arrived at Edwards about February 21, 1955. They made the trip from New York in their private automobile. Petitioner began working at Republic's installation at Edwards immediately upon his arrival there. For a short time he lived with his family in a motel located at Lancaster, California, a town some 30 miles distant from his place of business. After a few weeks petitioner moved to a rented house in Lancaster. In March 1955 he purchased *228 and moved to a residence located at 4347 Kirkland Avenue in Lancaster. In the meantime his household furniture was shipped to him from New York at his employer's expense. While working at Republic's Farmingdale, New York plant, petitioner and his family lived in a rented apartment in Cedarhurst, Long Island, New York. On his transfer to California he gave up the apartment, closed out his local bank account, paid up his local trading accounts, and took the other ordinary steps incident to a change of residence. After his arrival in California he placed his two sons in a Lancaster school, opened a local bank account, and affiliated with his local church. The XF-84 program on which petitioner was employed was finished early in 1956 and petitioner was then transferred by his employer to its XF-105 program at the same location. In March 1959 petitioner was transferred back to Republic's plant at Farmingdale, Long Island. Petitioner returned to Farmingdale with his family in March 1959. They lived there for a short time in a rented, furnished home. After about two months petitioner terminated his employment with Republic and with his family returned to Lancaster, California, where *229 he obtained employment with Douglas Aircraft Corporation at its Edwards installations. He has continued to live at Lancaster with his family and work at Edwards up to the present time. He is now employed there by North American Aviation Corporation. During 1956 and 1957 Republic paid to all its employees assigned to Edwards, in addition to their regular wages, an allowance of $7 a day to offset the higher living costs in that area. Petitioner received such regular payments amounting to $2,548 in 1956 and $2,597 in 1957. Petitioners reported those amounts in their income tax returns for those years as "reimbursed job expense" but excluded them from taxable income. Respondent has determined that the amounts in question are taxable to the petitioners in the years received and are not deductible in determining net taxable income. Opinion This is another case involving an allowance in excess of salary by an airplane manufacturing company to its employee who had been assigned to work at Edwards Air Force Base in California, and the issue of whether such allowance is reimbursement for travel expenses. In Darrell Spear Courtney, 32 T.C. 334, and John J. Harvey, 32 T.C. 1368 *230 (reversed, Harvey v. Commissioner, 283 F. 2d 491), we held the allowance in addition to salary, to cover additional living expenses, at Edwards was not reimbursement to the employee for deductible business expenses in the nature of "traveling expenses * * * while away from home in the pursuit of * * * business", within the provisions of section 23(a)(1)(A), Internal Revenue Code of 1939 (now section 162(a), Internal Revenue Code of 1954). [1]
Here, as in Courtney and Harvey, the respondent's position is that petitioner-employee was not "away from home" while he was performing the duties of his employment at Edwards Air Force Base. Petitioner filed no brief but in his petition he asserts his "principal place of employment during the years 1956 and 1957 was Republic Aviation Corporation, Farmingdale, Long Island, New York." *231 The record shows that petitioner left Farmingdale in 1955 and did not return until 1959, and that during the years in question (1956 and 1957) he performed all of his services for his employer at Edwards Air Force Base. We understand from his petition that petitioner asserts his assignment to work at Edwards was temporary and therefore his post of duty had not shifted from Farmingdale and the expense he incurred while at Edwards was incurred while away from home in the pursuit of his business as an employee of Republic. No useful purpose would be served by an extended analysis of the many cases dealing with the particular problem of when the employee's principal post of duty shifts so it can be said he is "away from home" when performing duties away from his previously established tax home. The above cited cases canvass numerous opinions on the subject issue. All agree that when the employee's out-of-town assignment is temporary, he is "away from home" within the meaning of the statute. The question is ordinarily one of fact upon which the employee-petitioner has the burden of proof. This Court has long held the employee-taxpayer has not satisfied his burden of showing his employment *232 at a designated place was temporary by merely showing it was not permanent in the sense that there was no definite term or duration for his employment at such place. Floyd Garlock, 34 T.C. 611. He must do more and show that his employment at the designated place was temporary in the sense that it was not for long duration; that it was to last for a limited time only. Admittedly, an employee could show his employment at a designated place was temporary if it was for the performance of a particular piece of work at said place and it appears completion of said work would require a short period of time. Petitioner evidently feels his burden is satisfied by the evidence that in 1955 he was assigned to Edwards to work on a particular airplane program and his testimony that "[normally], a program isn't any particular length of time, but it was generally accepted that it would be in the vicinity of from six months to eighteen months * * * [no] one knew. * * *" The record shows no more than that petitioner was assigned in 1955 to Edwards to work for an indefinite period on his employer's airplane testing program; that the first program to which he was assigned at Edwards *233 lasted about one year; and that the second program to which he was assigned at Edwards lasted three years - including the two years before us. Such a record presents no more than employment at Edwards for an indefinite as distinguished from a temporary period. In the absence of definite proof as to the time to complete a program, employment for the duration of one or more programs should be regarded as employment for the duration of an indefinite and not a temporary period. Even if we apply the test suggested by the Court of Appeals in Harvey v. Commissioner, supra, the result would be the same. There the Court applied a test based on the reasonable expectation of the employee as to whether employment at the new station would be short or long. Apparently the Court was able to find, under the facts of that case that, though the employment at Edwards was for indefinite duration, the taxpayer's reasonable expectation at the time he went to Edwards was that it would be short. Here petitioner's expectations at the time he went to Edwards in 1955, as made manifest by his actions, would not indicate an expectation on his part that his stay at Edwards would be short. Petitioner *234 was the only witness and he did not say what his expectations were in 1955 when he left Farmingdale as to how long he thought it would be before he returned. Judging from his actions of taking his children out of school, closing his apartment, closing his bank account, and taking his family and household possessions to Edwards, it would not be unreasonable to infer that he expected to stay at Edwards for a long time. When we add to his actions of cutting off his ties with Farmingdale, his actions upon arrival at Edwards of buying a home within a month and a half after arrival, opening a bank account, and charge accounts in the Edwards area, and joining the local parish of his church, the inference that he harbored no expectation of a short stay at Edwards becomes quite strong. We hold petitioner, during the years in question, was not "away from home" within the meaning of the statute and the sums paid to him during said years by his employer as additional living expenses were not reimbursement to petitioner for deductible business expenses in the nature of travel expenses while away from home in the pursuit of business. Decision will be entered for respondent. Footnotes
1. Upon the authority of John J. Harvey, 32 T.C. 1368↩, we decided similar allowances paid to other transferred employees at Edwards were not reimbursable traveling expenses. See Memorandum Opinions: Walter T. Kent, Harvey R. Huber, Jeff L. Hendrix, and Glendyl Ray Hendricks, all promulgated October 20, 1959.