Monroe Heyman and Martha Heyman v. Commissioner.
Heyman v. Commissioner
Docket No. 86765.
United States Tax Court
T.C. Memo 1963-123; 1963 Tax Ct. Memo LEXIS 223; 22 T.C.M. (CCH) 574; T.C.M. (RIA) 63123; April 30, 1963
Monroe Heyman, 85 Strong St., New York, N. Y., pro se. Leon M. Kerry, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1957 in the amount of $218.76. In addition, an overpayment of $479.77 is claimed. The questions are (1) whether $900 received by petitioner Monroe Heyman from his employer was includable in his income for 1957; and (2) whether, and in what amount, deductions are permissible for travel expenses claimed by petitioner Monroe Heyman as ordinary and necessary business expenses. Findings of Fact Monroe Heyman and Martha Heyman, husband and wife, filed a joint individual income tax return for the year 1957 with the district director of internal revenue, Upper Manhattan, New York, New York. They *224 gave their residence as 85 Strong Street, Bronx, New York. Monroe Heyman (hereinafter called petitioner) was employed from November 1956 through December 1958 by Royal Jewelers, Inc., in Harrisburg, Pennsylvania, as the manager of a store located there. In 1957, petitioner received a salary, plus a weekly amount of $18 totaling $900 a year, from his employer. On his 1957 income tax return, petitioner did not report the $900 as income but treated it as an offset against claimed travel expenses. Petitioner was not required to submit any receipts, payment vouchers, itemized expense list, or the like to his employer in order to receive the weekly amount of $18 (totaling $900) from his employer in 1957. Petitioner received at least $900, in addition to his reported salary in the amount of $7,137.87, from his employer in 1957, and the $900 was received unconditionally and was to be used for any personal purpose whatsoever, at the sole discretion of petitioner. The $900 received by petitioner from his employer in addition to his regular salary in 1957 is includable in petitioners' gross income in 1957. Petitioners claimed away-from-home expenses in their 1957 joint individual *225 income tax return in the amount of $2,383.00. Petitioner's wife, Martha Heyman, lived in Bronx, New York, during 1957, where she worked. Part of the claimed away-from-home expenses consisted of personal telephone calls made by petitioner to his wife, Martha Heyman. Part of the claimed away-from-home expenses consisted of personal lodging of petitioner in Harrisburg, Pennsylvania, where he was employed. Part of the claimed away-from-home expenses consisted of personal round-trip railroad expenses of petitioner between Harrisburg, Pennsylvania, and New York, New York, to visit his wife. Part of the claimed away-from-home expenses consisted of meals of petitioner consumed while he was employed in Harrisburg, Pennsylvania. Petitioner did not spend more than $532.50 for personal lodging while he was employed in Harrisburg, Pennsylvania. None of the amounts allegedly spent on personal telephone calls made by petitioner to his wife, nor on personal lodging in Harrisburg, Pennsylvania, where he was employed, nor on railroad expenses of petitioner between Harrisburg, Pennsylvania, and New York, New York, to visit his wife, nor on meals of petitioner consumed while he was employed *226 in Harrisburg, Pennsylvania, are deductible as traveling expenses while away from home in pursuit of his trade or business. Opinion We have found the facts in the main as requested by respondent. Petitioner has filed no brief and neither requested any findings nor registered any objection to those requested by respondent. See Rule 35, Tax Court Rules of Practice.
Unrestricted allowances paid to an employee are includable in his income under section 61, I.D.C. 1954. This is so even though they may be paid for the purpose of helping to defray the employee's living expenses. Darrell Spear Courtney, 32 T.C. 334 (1959); Leo C. Cockrell, 38 T.C. 470 (1962), on appeal (C.A. 8, Sept. 25, 1962). The amount of $900 received by petitioner from his employer in 1957 in addition to his stated salary was hence improperly excluded from his gross income. Nor can there be serious question that such expenses as may have been paid by petitioner at his place of employment for board, lodging, telephone, and transportation were personal living expenses and not business expenses incurred while traveling away from home. Commissioner v. Flowers, 326 U.S. 465 (1946). *227 Even such part of the expenditures as may have been substantiated are accordingly not proper deductions. Darrell Spear Courtney, supra; Leo C. Cockrell, supra.
Decision will be entered for the respondent.