Israel and Luz S. Teicher v. Commissioner.
Teicher v. Commissioner
Docket Nos. 4707-70, 4711-70.
United States Tax Court
T.C. Memo 1972-41; 1972 Tax Ct. Memo LEXIS 212; 31 T.C.M. (CCH) 167; T.C.M. (RIA) 72041; February 22, 1972, Filed Israel Teicher, pro se, 538 Garnsey Road, Fairport, N. Y. George W. Connelly, Jr., and Alfred C. Bishop, Jr., for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined the following deficiencies in petitioners' income tax: Docket
Taxable
No.
Year
Deficiency
4707-70
1968
$1,489.58
4711-70
1967
1,558.59 The sole issue for decision is the amount of expenses deductible under section 162(a) (2) [1] incurred by Israel Teicher while away from home in the pursuit of his trade or business. Findings of Fact *213 Some of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioners, Israel and Luz S. Teicher, husband and wife, filed joint Federal income tax returns for the taxable years 1967 and 1968 with the district directors of internal revenue at Albany, New York, and Buffalo, New York, respectively. Luz S. Teicher is a party to this proceeding only by reason of having joined in filing the returns involved and any reference herein to petitioner shall be deemed to refer to Israel Teicher. Petitioners resided in Fairport, New York, at the time of filing their petitions herein. Petitioner is a computer programming consultant. In June 1964, he received a Bachelor of Science degree from the City College of New York. From December 1964 until May 1966, petitioner was employed as a programmer/ analyst in Pleasantville, New York, which is located about 30 miles from New York City. He lived in Hawthorne, New York, some 2 miles from Pleasantville, during this period and until August 1966, when petitioners bought a new house in Mahopac, New York, which is located approximately 50 miles from New York *214 City. From May 1966 and through the taxable years in question, petitioner held temporary employment at the following times and in the following locations: 168 Date
Location
Employer
May to Oct. 1966
New York, N. Y.
Computer Usage Co.
Oct. 1966 to April 1967
Owego, N. Y.
Development Consultants, Inc.
April 1967 to Feb. 1968
Rochester, N. Y.
Consultants & Designers, Inc.
Feb. 1968 to April 1968
Rochester, Minn.
All States Design, Inc.
April 1968 to June 1968
Pittsburgh, Pa.
Vector Engineering, Inc.
July 1968 to the end of Oct. 1968
Burlington, N.C.
Comprehensive Designers, Inc.
[2] Nov. 1968 to Dec. 20, 1968
Rochester, N. Y.
Compsint, Inc.
Dec. 20, 1968 to June 1969
Syracuse, N. Y.
Superior Design Co., Inc.
During the entire year of 1966 and up until July 1967, Luz S. Teicher was employed by the Einstein College of Medicine in the Bronx, New York, as a research assistant. Throughout this period, she continued to reside in Mahopac, New York. In July of 1967, she went to Rochester, New York, and in October 1967 started *215 attending the University of Rochester under a fellowship grant. At the end of October 1967, petitioners sold their house in Mahopac and rented an apartment in Queens, New York, until the end of 1967. Also, in October of 1967, petitioners rented a house, with a yearly renewable lease, in Rochester, New York. Petitioner received "per diem allowances" of $11.20 per day from certain of his employers, aggregating $2,822.40 in 1967 and $1,180.00 in 1968. On their income tax returns, petitioners claimed deductions for "employee's business expenses" at the rate of $100 per week for 52 weeks in 1967 and 50 weeks in 1968. From the amounts so computed, petitioners subtracted the "per diem allowances" in order to arrive at the net deduction claimed. Ultimate Findings of Fact 1. Petitioner's home was in Mahopac, New York, during the first 43 weeks of 1967 and in Rochester, New York, throughout the remainder of 1967 and all of 1968. 2. Petitioner was "away from home" in the pursuit of his trade or business for 43 weeks during 1967 and 36 weeks during 1968. Opinion We must decide the extent to which petitioner was away from home in the pursuit of his trade or business during the *216 years in issue. [3]
At the outset, we note that both parties apparently agree that, under the circumstances involved herein, home is where the hearth is.Consequently, we need not concern ourselves with whether the word "home" in section 162(a)(2) means the taxpayer's business headquarters or his permanent place of abode or residence. Six v. United States, 450 F. 2d 66, 69 (C.A. 2, 1971); Rosenspan v. United States, 438 F. 2d 905 (C.A. 2, 1971); Hollie T. Dean, 54 T.C. 663, 667 (1970); see Jack E. Golsen, 54 T.C. 742, 757 (1970), affd. 445 F. 2d 985 (C.A. 10, 1971). Compare Rev. Rul. 71-247, 1971-1 C.B. 54. Petitioner contends that his tax home was in Mahopac, New York, during all of 1967 and in Rochester, New York, throughout 1968. *217 He claims that he was away from home on business for 52 weeks during 1967 and 50 weeks during 1968. On brief, respondent has conceded that petitioner's tax home was in Mahopac, New York, up until July 1967 and in Rochester, New York, during all of 1968, but he argues that petitioner's tax home shifted to Rochester, New York, in July of 1967. Respondent has also conceded that petitioner was away from his home in the pursuit of his trade or business for 26 weeks during 1967 and 36 weeks during 1968. [4]
On the basis of the record as a whole, we conclude, as our findings of fact show, that petitioner's home shifted to Rochester, New York, toward the end of October 1967 and that he was away from home in the pursuit of his trade or business for 43 weeks during that year. In reaching this result, 169 we deemed it highly significant that petitioners sold their house in Mahopac, New York, at the end of October 1967 and in the same month rented a house in Rochester, New York, with a yearly renewable lease. [5]
*218 As for 1968, the entire record herein clearly reveals that petitioner was away from home on business for approximately 36 weeks, and we have so found. [6]
Petitioner received "per diem allowances" of $11.20 per day for certain days during which we have held that he was not away from home. Amounts represented by such allowances are includable in petitioners' income. Cockrell v. Commissioner, 321 F. 2d 504 (C.A. 8, 1963), affirming 38 T.C. 470 (1962); Darrell Spear Courtney, 32 T.C. 334, 343-344 (1959). On the basis of the record herein, the amounts thus to be included are the per diem allowances received from Consultants & Designers, Inc., with respect to the period November 1967 through February 1968. To reflect our determinations herein, Decisions will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. During this employment, petitioner made certain business trips, but all expenses were paid by his employer.↩
3. Section 162 provides, in pertinent part: SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses. * * * while away from home in the pursuit of a trade or business;↩
4. Respondent agrees that petitioner is entitled to deduct his away-from-home expenses at the rate of $100 per week.↩
5. The record is silent as to why petitioners rented an apartment in Queens, New York, after they sold their house in Mahopac, but petitioners' brief reveals that the reasons were totally unrelated to any business consideration.↩
6. Although petitioner testified that he made some overnight trips in connection with his employment with Compsint, Inc., Rochester, New York, he also testified that the corporation paid his expenses, thus creating a wash.↩