J. B. STEWART and DELORES H. STEWART, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stewart v. Commissioner
Docket No. 4744-75.
United States Tax Court
T.C. Memo 1976-390; 1976 Tax Ct. Memo LEXIS 14; 35 T.C.M. (CCH) 1762; T.C.M. (RIA) 760390; December 21, 1976, Filed *14 Petitioner was employed as a supervisor at Hill Air Force Base, Ogden, Utah, by Autonetics Division of Rockwell International Corp., whose home base was Anaheim, Calif. Petitioner had been continuously reassigned to Hill from 1966 through 1973, the year in issue. Petitioner was paid a per diem by his employer for each day of duty at Hill during 1973. Held: 1. Petitioner may not exclude the per diem from gross income. 2. Petitioner may not deduct the per diem as away-from-home travel expense. See J. B. Stewart,T.C. Memo. 1971-307, affd. per curiam without opinion by C.A. 10. 3. Petitioner is entitled to a deduction for necessary use of his own automobile for unreimbursed on-base transportation incurred in the performance of his job. Amount of deduction determined. 4. A part of the underpayment of tax for 1973 was due to negligence or intentional disregard of rules and regulations and the addition to tax provided in sec. 6653(a), I.R.C. 1954, is sustained. J. B. Stewart, pro se. Charles R. Brown, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1973 in the amount *15 of $1,258.98. Petitioners challenged the propriety of the entire amount of this deficiency in their petition herein and by way of answer respondent affirmatively pled that in addition petitioners are liable for an addition to tax under section 6653(a), I.R.C. 1954. [1]
The issues for decision are: (1) Whether petitioners may exclude from gross income amounts received as per diem allowances from petitioner J. B. Stewart's employer; (2) Whether petitioners may deduct an amount equal to the per diem allowances received from petitioner J. B. Stewart's employer as expenses incurred while away from home in pursuit of a trade or business; (3) Whether petitioners are entitled to deduct, as business expenses, transportation expenditures incurred by petitioner J. B. Stewart; and (4) Whether petitioners are liable for an addition to tax under section 6653(a) for intentional disregard of the rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation together with exhibits attached thereto are incorporated herein by this reference. At the *16 time of filing the petition herein, petitioners, husband and wife, resided in Ogden, Utah. Petitioners filed their joint income tax return for 1973 with the Western Region Service Center, Ogden, Utah. Since 1963, J. B. Stewart (hereinafter petitioner) has been employed by Autonetics Division of Rockwell International Corp. (Autonetics). Autonetics' home office is in Anaheim, Calif. With the exception of short periods of time when petitioner returned to Autonetics' home office for work or "in-house" training and one short period when petitioner took educational leave from the company, petitioner has been continuously stationed at Hill Air Force Base, Ogden, Utah, since January 1966 until the present date, including all of the taxable year 1973. Petitioner married his present wife, Delores, on May 25, 1973; he had no family for whom he was responsible in California during 1973. Prior to or during 1973, Delores purchased a home in Ogden, Utah; petitioners claimed a deduction for mortgage interest in their return for 1973. During 1973, petitioners purchased new automobiles and registered and titled them with the State of Utah. Personal property taxes on automobiles owned by them *17 were paid to the State of Utah by petitioners for 1973. Petitioners filed a joint Utah State income tax return for 1973 claiming resident status. During 1973, petitioner received total wages and other compensation from his employment by Autonetics in the amount of 19,807.64. A portion of this amount represented payments received as a per diem allowance paid by Autonetics to defray petitioner's living expenses. Per diem payments were made to petitioner on the basis of the number of days he was on the job and at the rate of $13.50 per day. The per diem was to cover certain expenses that an employee might incur while away from the home plant but was not related to any specific actual expenses incurred by the employer. Federal income and FICA taxes were withheld from the total wages paid to petitioner including the per diem payments. Petitioner was employed by Autonetics during 1973 as a logistics supervisor. The duties of his job required that petitioner travel several miles from his office to and from a number of other building sites on Hill Air Force Base on several occasions daily. The daily frequency of these trips and consequently the total distance traveled varied according *18 to the exigencies of the day. Although public transportation was available on the base, it was totally inadequate for petitioner's needs; petitioner necessarily used his personal automobile for his on-base travel. Petitioner estimated his total business travel for 1973 as 8,395 miles. Petitioner calculated this amount by measuring the distance between his office and the various buildings which he was required to visit, estimating the average daily trips to said buildings and determining his total work days, on base, for the year which he estimated to be 230 days. We find that petitioner's total on-base business travel in 1973 was 8,395 miles. Expenses incurred by petitioner's on-base travel during 1973 were not specifically reimbursed or reimbursable by Autonetics. On his income tax return for 1973 petitioner deducted from gross income $4,631 as employee business expense. At the trial petitioner testified that this was the amount of per diem petitioner received from his employer in 1973. [2] *19 In the notice of deficiency respondent disallowed this deduction and increased petitioner's taxable income accordingly. The same issue, the deductibility of per diem payments received in 1967 while allegedly away from home, was decided against petitioner in this Court. See J. B. Stewart,T.C. Memo. 1971-307. Based upon the decision in that case, the same claimed deduction was denied petitioner in the years 1971 and 1972 in statutory notices of deficiency issued to petitioner; petitioner did not timely contest the Commissioner's determinations as set forth in said notices. On the basis of the earlier decision of this Court, respondent, in his answer herein, affirmatively alleged that petitioners are liable for an addition to tax under section 6653(a) for intentional disregard of rules and regulations. OPINION A number of issues are presented for decision herein. During 1973 petitioner received per diem expenses from his employer. Petitioner included said payments in his gross income for said year but claimed said payments as a deduction for employee business *20 expense in computing adjusted gross income on his return for 1973. From his testimony at trial it is not clear whether petitioner considered his per diem payments as excludable from income or as representing reimbursement for business expenses incurred while living away from home. [3] In either case we must decide this issue against petitioner. The per diem payments received by petitioner are clearly includable in gross income under section 61(a). The payments constitute "realized accessions to wealth over which petitioner had dominion," Commissioner v. Glenshaw Glass Co.,348 U.S. 426, 431 (1955), and no provision in the Code exempts per diem payments from taxation. Leo C. Cockrell,38 T.C. 470 (1962), affd. 321 F. 2d 504 (8th Cir. 1963); Darrell Spear Courtney,32 T.C. 334 (1959). [4] *21 Nor is petitioner entitled to deduct any amount of the per diem payments under section 162(a)(2) as expenses incurred while away from home in pursuit of his trade or business as an employee of Autonetics. Leo C. Cockrell,supra.
Petitioner was assigned to Hill Air Force Base in January 1966. Except for short periods of time when petitioner returned to Autonetics' home base in Anaheim for work or in-house training, [5] petitioner has been periodically reassigned and as a consequence has continuously remained at Hill Air Force Base from 1966 through the date of trial herein, including the entire taxable year 1973. Petitioner had no family connections in California during 1973. And petitioners owned a home, paid taxes, and declared residency on their State income tax return in Utah during 1973. Under facts less compelling than those presented herein, in a 1971 Memorandum Opinion of this Court, [5] we held that petitioner failed to prove that he had a permanent home in California. Petitioner has again failed to show that he was away from home within the meaning of section 162(a)(2). Leo Cockrell,supra; see Commissioner v. Flowers,326 U.S. 465 (1946); *22 Ronald D. Kroll,49 T.C. 557 (1968). We next consider whether petitioner is entitled to a deduction under sections 162(a) and 62(2)(C) for transportation expenses incurred in connection with his "on-base" travel during 1973. Respondent has conceded that it was necessary for petitioner to use his personal automobile in the course of his trade or business while employed at Hill Air Force Base, and that transportation costs thus incurred were not specifically reimbursed or reimbursable by his employer. Nevertheless, respondent contends that petitioner is not entitled to a deduction on account of said expenses because petitioner has failed to prove the amount of business travel during 1973. We disagree. At trial petitioner offered 8,395 miles as an estimate of his total on-base business travel during 1973.To compute the estimate petitioner measured the distance from his office to the various buildings his employment duties required *23 that he visit, he estimated the average number of daily trips he made to each building, and he determined the number of days in 1973 he was on the job at Hill Air Force Base. Petitioner's supervisor, Fred Phillips, who is the base manager for Autonetics, testified corroborating petitioner's testimony in all pertinent respects and found petitioner's estimates reasonable. We likewise find petitioner's estimate reasonable. Petitioner's testimony was straightforward and credible; he discussed his normal daily work routine during 1973 and described his on-base travel with the use of a map of Hill Air Force Base. To be sure, a contemporaneous record indicating the exact frequency and dates of his travel would have been better evidence. However, under the circumstances we see no need for such stringent requirements to establish the deduction now claimed, see sec. 1.162-17(d)(3), Income Tax Regs., and hold that petitioner has met his burden of proof. Cohan v. Commissioner,39 F. 2d 540 (2nd Cir. 1930). Accordingly, petitioner is entitled to a deduction under sections 162(a) and 62(2)(C) in the amount of $1,007.40 ($.12 per mile). See Rev. Proc. 70-25, 1970-2 C.B. 506. [6] *24 The final issue is whether petitioners are liable for an addition to tax under section 6653(a)[7] for intentional disregard of rules and regulations. Respondent contends that petitioners' erroneous exclusion or deduction of $4,631 of per diem expenses [8] from gross income was an intentional violation of rules and regulations within *25 the meaning of section 6653(a). Respondent argues that the precise issue involved herein was resolved against petitioner for a different year in an earlier opinion of this Court [9] and was subsequently affirmed by the Court of Appeals for the Tenth Circuit prior to the filing of petitioners' 1973 return.Consequently, respondent feels that imposition of the statutory 5-percent addition is justified herein. Since respondent first raised the issue of petitioners' liability for an addition to tax in his answer, he bears the burden with respect to this issue. Rule 142(a), Tax Court Rules of Practice and Procedure.
Respondent relies solely on petitioners' knowledge derived from our 1971 Memorandum Opinion and its affirmation by the Tenth Circuit. We held in that opinion that petitioner had failed to prove he had a permanent abode in California during 1967 and was entitled to deduct expenses of living in Utah as traveling expenses. Although we have found that petitioner is entitled to a deduction for on-base transportation *26 expenses, this does not explain why petitioner claimed as a deduction or exclusion on his return the full amount of the per diem he received in 1973. Petitioner's attempt to explain this in his testimony at the trial was neither clear nor convincing; he did testify that he was not conceding that he was not entitled to exclude the per diem from gross income. We believe petitioner was trying to exclude from income or deduct the same type items we held he could not exclude or deduct for the year 1967 in our Memorandum Opinion in J. B. Stewart, supra.Under the circumstances, we find that at least a part of the underpayment of tax for 1973 was due to negligence or intentional disregard of rules and regulations, and the addition to tax provided in section 6653(a) is sustained. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. This figure cannot be reconciled with petitioner's testimony and evidence at the trial, which was that he received $13.50 per diem for each day he worked at Hill Air Force Base. He testified that he worked 230 days in 1973. This would make the total per diem $3,105. Respondent made no reference to this discrepancy.
3. The Court originally set May 4, 1976, as the date for the parties to file simultaneous original briefs and subsequently, at the request of petitioner, extended said date to June 3, 1976. Respondent filed his brief on June 3, 1976; petitioner failed to file a brief herein.↩
4. See also Frank M. Norris,T.C. Memo. 1976-42; Delbert C. Files,T.C. Memo. 1976-43; James R. Hollenbeck,T.C. Memo. 1976-44; and Fred W. Phillips,T.C. Memo. 1973-58↩.
5. From part of an "Employee Expense Report" submitted as an exhibit herein we note that petitioner claimed expenses for travel and lodging costs of at least one trip to Anaheim and was reimbursed therefor by his employer. ↩
5. J. B. Stewart,T.C. Memo. 1971-307↩.
6. Petitioner did not specifically claim this amount as a deduction on his return or in his petition. However, he did claim a deduction from gross income for employee business expense in the amount of $4,631, the per diem he received. We believe this will encompass the amount we are allowing for transportation expenses on the base. This deduction was clearly placed in issue at the trial.
7. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩
8. See fn. 2, p. 6, concerning the amount of per diem payments received by petitioner. ↩
9. J. B. Stewart,T.C. Memo. 1971-307↩, affd. per curiam without opinion by C.A. 10.