## HYGRADE FOOD PRODUCTS CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 283.

Circuit Court of Appeals, Second Circuit.

July 7, 1944.

Willkie, Owen, Otis, Farr & Gallagher, of New York City (Carl M. Owen, Robert C. Vincent, and Myron Semmel, all of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Sewall Key, and Carlton Fox, all of Washington, D. C., for respondent.

Before CHASE and FRANK, Circuit Judges.

PER CURIAM.

To taxpayer's contention that it sustained a loss under § 23(f) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Code, § 23 (f), as interpreted in Regulation 86, Article 23(e)-3, it is a sufficient answer that taxpayer did not in fact in the taxable year abandon the plant or sell it at scrap value, but sold it while the plant was still being operated. What taxpayer might have done is irrelevant. What it did is the controlling factor. The Regulation creates an exception which is met only in the event of permanent abandonment or permanent devotion of the property to a radically different use; the Tax Court correctly held that the facts did not bring this case within that exception.

Nor did the taxpayer satisfy the conditions of § 23(l) and Article 23 (1)-6 relating to obsolescence. The unprofitable nature of taxpayer's business in the depression years 1931–1935 caused taxpayer to cease operations in Chicago. Only in one of those years, 1934, did taxpayer make a profit; but that profit resulted from the exceptional fact that it procured an unusual government contract for a limited period; and the sharp increase in the price of hogs in 1935 merely augmented the difficulties which had existed in the previous years. Taxpayer could not, on these facts, in a single taxable year validly claim a deduction for obsolescence.

Affirmed.