## SOUTHEASTERN BLDG. CORPORATION
### v. COMMISSIONER OF INTERNAL REVENUE.

No. 11227.

Circuit Court of Appeals, Fifth Circuit.

April 19, 1945.

Rehearing Denied May 15, 1945.

John W. Giesecke, of St. Louis, Mo., and Henry L. Hammett, of New Orleans, La., for petitioner.

Melva M. Graney, Sewall Key, A. F. Prescott, and Louise Foster, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, of Washington, D. C., and John M. Morawski, Sp. Asst. to Atty. Gen., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This appeal is from the Tax Court and involves income and excess profits taxes for the year 1939.

The question presented is whether the taxpayer is entitled to a deduction for obsolescence under Section 23(*l*) of the Internal Revenue Code, as amended by Section 121(c) and (d) of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts.

The property here in question was leased to the Western Union Telegraph Company for a term of 20 years from January 1, 1924 to December 31, 1943. The rental was $340,000 or $17,000 per year. Subsequent to January 2, 1933, all rents were paid to the taxpayer who purchased the property at that time.

The building was erected upon a site chosen by Western Union and according to plans and specifications approved by this company. The building is a two-story brick and concrete structure, 110 feet by 180 feet long, and covers about 38,500 square feet, and was built for a storage warehouse. There is a loading platform outside the building and facilities for loading and unloading of trucks in front of the building. The first floor is built to carry almost unlimited loads, and the second floor will carry from 200 to 250 pounds to the square foot. It is built very substantially, and beyond the requirements of an ordinary storage warehouse.

The building was occupied by Western Union from January 1, 1924 to July, 1934. It was vacant from July 1934 to January 1, 1935. Western Union sublet the premises from February 1, 1935 to December 31, 1938. The taxpayer assented to this sublease on February 27, 1935. The total rent for this term of 47 months was $22,100, or

$5,685.11 per annum. On December 14, 1938, the taxpayer assented to a sublease from Western Union to Fulton County Board of Public Welfare from January 1, 1939 to December 31, 1939, at a rental of $4,800 for the term. On August 23, 1939, the taxpayer assented to a sublease from Western Union to Harbor Plywood Corporation for a term of four years, from January 1, 1940 to December 31, 1943, at a rental of $24,000 or $6,000 per annum. This last sublease expired simultaneously with the lease of Western Union on December 31, 1943.

The Western Union did not renew its lease or reoccupy the building upon the expiration of its lease agreement. Taxpayer was informed in July, 1934 that at the expiration of its lease agreement Western Union would not renew such lease.

The taxpayer was not able to find for the occupancy of these premises after the expiration of the Western Union lease on December 31, 1943 a tenant who had need of the extraordinary warehouse facilities of this building.

The cost of the building depreciated to July 1, 1934 was $110,934.16; to January 1, 1939, $97,184.87; to December 31, 1939, $93,892.97; to December 31, 1943, $80,-725.32. The amount of depreciation allowed from July 1, 1934 to December 31, 1939 was $16,941.68, and from December 31, 1939 to December 31, 1943, $13,167.60. The fair market value of the building as an ordinary warehouse in 1939 was $54,000, as of December 31, 1943, it was $57,500. The fair rental value of this property as an ordinary warehouse was $6,000 in 1939, and $8,400 in 1943.

The tax court denied the deduction sought by the taxpayer.

The Revenue statutes have not defined the term "obsolescence", but a deduction for such purpose has long been allowed. Section 23(l) provides:

"A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence."

The provisions of this regulation have been held to be valid and to have the force and effect of law. Real Estate-Land Title & Trust Co. v. United States, 309 U.S. 13, 60 S.Ct. 371, 84 L.Ed. 542; Becker v. Anheuser-Busch, 8 Cir., 120 F.2d 403, 413; Detroit & Windsor Ferry Co. v. Woodworth, 6 Cir., 115 F.2d 795.

A deduction is merely a privilege granted by Congress and is not a matter of right. In the case of depreciation, the deduction is granted for the reason that Congress realizing that business property becomes worn out gradually through usage and lapse of time, provides that an allowance should be made whereby a taxpayer could secure a return of his original costs by the expiration of the useful or economic life of the property. United States v. Ludey, 274 U.S. 295, 47 S.Ct. 608, 71 L.Ed. 1054. When it was found that the process of wearing out or using up of the property was accelerated or that for some reason it had become outmoded and that depreciation would not be sufficient, Congress granted further relief for this period when the property was becoming obsolete, and named this special privilege a deduction for obsolescence. Revenue Act of 1926, Sec. 234(a) (7), 44 Stat. 42, Revenue Act of 1928, § 23(k), 26 U.S.C.A. Int.Rev.Code, § 23(l); State Line & Sullivan R. Co. v. Phillips, 3 Cir., 98 F.2d 651, 120 A.L.R. 441.

Taxpayer here has been granted deductions from year to year and now seeks added relief by way of obsolescence. To secure this latter deduction he must show that the useful life of the property has been shortened and that deduction for depreciation which covers the ordinary wear and tear will not be sufficient to restore the cost of the property before its usefulness is at an end. This the taxpayer has failed to do. The burden rests squarely upon it to furnish this measure of evidence. Detroit & Windsor Ferry Co. v. Woodworth, 6 Cir., 115 F.2d 795; S. S. White Dental Mfg. Co. v. United States, 38 F.Supp. 301, 93 Ct.Cl. 469.

When the lease on the property expired, and it was returned to the taxpayer, he was able to lease it again for the sum of $8,400 per year. It thus becomes apparent that while the rental value of the property fluctuated, its life is in no wise diminished, and to grant taxpayer the relief it here seeks would be the equivalent of aiding it to recoup fluctuation losses. Manifestly, the life of the property has many years to run, and it can be used throughout its normal life. The unprofitable nature of a business or the mere shrinkage in value of commodities is not a sufficient basis upon which to predicate an allowance for obsolescence. Detroit & Windsor Ferry Co. v. Woodworth, 6 Cir., 115 F.2d 795; Becker v. Anheuser-

Busch, 8 Cir., 120 F.2d 403; State Line & Sullivan R. Co. v. Phillips, 3 Cir., 98 F.2d 651, 120 A.L.R. 441; Hygrade Food Products Corporation v. Commissioner of Internal Revenue, 2 Cir., 144 F.2d 115.

The judgment of the Tax Court is affirmed.