Anthony **DELSANTER**, Estate of Mary C. Tobin, etc., John Farah et al., Ralph Coletto et al., Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

Nos. 13576–13579.

United States Court of Appeals
Sixth Circuit.

March 4, 1959.

Order, April 20, 1959.

As Corrected On Petition for Rehearing
May 25, 1959.

Michael E. Cozza and Arlene B. Steuer, Cleveland, Ohio, for petitioners.

Charles K. Rice, Arch M. Cantrall, Lee A. Jackson, A. F. Prescott, and Karl Schmeidler, Dept. of Justice, Washington, D. C., for respondent.

Before ALLEN and McALLISTER, Circuit Judges, and THORNTON, District Judge.

PER CURIAM.

This case came on to be heard upon the briefs and record and oral argument of counsel.

And no reversible error appearing in the record.

It is ordered that the decision of the Tax Court be and it hereby is affirmed upon the grounds and for the reasons stated in the opinion of Judge Raum filed July 18, 1957.

Order

Before ALLEN, Chief Judge, McALLISTER, Circuit Judge, and THORNTON, District Judge.

PER CURIAM.

The decision of the Tax Court in the above case was heretofore affirmed on March 4, 1959, on an order of this court based upon the reasons set forth in the opinion of Judge Raum of the Tax Court. A number of issues were involved on the review, all of which were determined in favor of the Commissioner. However, one of the issues involved was whether additions to tax under both Sections 294 (d) (1) (a) and 294(d) (2) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 294, could be assessed by the Commissioner. Section 294(d)(1)(a) provides for a penalty for failure to file a declaration of estimated tax; and Section 294 (d)(2) provides a penalty for substantial underestimation of such estimated tax.

In Acker v. Commissioner, 258 F.2d 568, this court held that when no declaration of estimated tax had been filed, the imposition of concurrent penalties for failure to file the declaration, and for substantial underestimation of the estimated tax, could not be justified in the absence of a statutory provision authorizing such a double penalty. In the proceedings before this court, the Acker case was not cited in petitioners' brief, although the Commissioner discussed the case.

It is the practice of this court to follow the prior decisions of the court, whether the same members participated in such decisions or not. In considering this case on review, the court was primarily interested in arguments going to the merits and in issues other than the pen-

alty provisions abovementioned. It, however, appears that the decision of the Tax Court on the issue of the penalties was contrary to our prior decision in Acker v. Commissioner, supra.

This court, therefore, on its own motion, directs that the mandate heretofore issued be recalled for the purpose of entering a revised judgment, affirming the decision of the Tax Court, except as to the penalties above mentioned; IT IS FURTHER ORDERED that the case be remanded to the Tax Court for further proceedings and that the Tax Court on remand be permitted to apply the principles of Acker v. Commissioner, 6 Cir., 258 F.2d 568, as it may be decided by the Supreme Court.