Frank Caruso v. Commissioner. Vincent Mauro v. Commissioner.
Caruso v. Commissioner
Docket Nos. 2399-62, 2400-62.
United States Tax Court
T.C. Memo 1966-190; 1966 Tax Ct. Memo LEXIS 94; 25 T.C.M. (CCH) 972; T.C.M. (RIA) 66190; August 29, 1966
David M. Markowitz, 261 Broadway, New York, N. Y., for the petitioners. William F. Chapman, for the respondent. SIMPSON
Memorandum Opinion SIMPSON, Judge: The respondent determined a deficiency of $45,279.00 in petitioner Frank Caruso's income tax for 1960, an addition to tax under section 6654(a) of the Internal Revenue Code of 1954[1] of $1,267.81 for failure to pay estimated tax, and an addition to tax under section 6653(b) of $22,639.50 for fraud. In the case of petitioner Vincent Mauro, respondent determined a deficiency in income tax for 1960 of $49,395.20 and an addition to tax under section 6653(b) of $24,697.60 for fraud. In this consolidated proceeding, the respondent has conceded the fraud issue to both petitioners, and the only issue remaining for decision *95 is whether the petitioners have the burden of proving the determinations of deficiency to be erroneous. The petitioner in Docket No. 2399-62, Frank Caruso, is currently serving a prison sentence at Atlanta, Georgia, and did not file an income tax return for 1960. The respondent determined that Caruso had unreported partnership income of $75,000 during the taxable year 1960 arising from a partnership between Caruso and Mauro which engaged in the sale of narcotics. Such determination, in conjunction with other adjustments not in issue, resulted in the determination of a deficiency in income tax of $45,279.00. In addition, respondent determined that Caruso was liable for a 6-percent addition to tax amounting to $1,267.81 for failure to pay estimated tax and a 50-percent fraud penalty amounting to $22,639.50 for 1960. Notice of these determinations was mailed to Caruso on April 12, 1962, but when the case was called for trial, respondent conceded the fraud issue. Caruso denies that he had taxable income in 1960, but refuses to answer any questions or supply any information with respect *96 to the taxable year in question. The petitioner in Docket No. 2400-62, Vincent Mauro, is also currently serving a prison sentence at Atlanta, Georgia, and filed an income tax return for 1960. The record does not disclose where such return was filed. The respondent determined that Mauro had unreported partnership income of $75,000 during the taxable year 1960 arising from a partnership between Caruso and Mauro which engaged in the sale of narcotics. Such determination, in conjunction with other adjustments not in issue, resulted in the determination of a deficiency in income tax of $49,395.20. In addition, respondent determined that Mauro was liable for a 50-percent fraud penalty amounting to $24,697.60 for 1960. Notice of these determinations was mailed to Mauro on April 13, 1962, but when the case was called for trial, respondent conceded the fraud issue. Mauro denies that he had any taxable partnership income in 1960, but refuses to answer any questions or supply any information with respect to the taxable year in question. The respondent has moved to dismiss Mauro's petition upon the ground that a prior collection suit in the district court is res judicata in this proceeding. *97 However, we find it unnecessary to pass on that motion, for we believe that the outcome of Mauro's case is altogether clear even if we deny the motion and consider his case on the merits. The resolution of the issues in each case involves no more than a consideration of the rules regarding the burden of proof. At the time of trial, both Caruso and Mauro produced no evidence whatsoever except for the denial by each that he had earned additional partnership income in 1960. The petitioners argue that because the respondent asserted a fraud penalty and specifically pleaded fraud in his answer, the respondent has the burden of proof, or at least the burden of going forward with evidence in the face of Caruso's and Mauro's single statement denying the receipt of additional income. The petitioners' view of the law is wrong; petitioners have the burden of proof with respect to the deficiency. Rule 32, Tax Court Rules of Practice. Even when fraud is asserted, the petitioner still has the burden of proving that he owes no deficiency. Snell Isle, Inc. v. Commissioner, 90 F. 2d 481 (C.A. 5, 1937), affg. a Memorandum Opinion of the Board of Tax Appeals, cert. denied 302 U.S. 734 (1937); *98 Henry S. Kerbaugh, 29 B.T.A. 1014 (1934), affd. per curiam 74 F. 2d 749 (C.A. 1, 1935). That burden has not been met by a statement which merely denies liability and which does not provide any information that furnishes a basis for believing such testimony. Louis Halle, 7 T.C. 245 (1946), affd. 175 F. 2d 500 (C.A. 2, 1949), cert. denied 338 U.S. 949 (1950). A similar result follows with respect to respondent's assertion of an addition to tax for Caruso's failure to pay estimated tax in 1960. Caruso has failed to carry his burden of proof on this issue as well. John P. Reaver, 42 T.C. 72 (1964), nonacq. on substantive issue 1964-2 C.B. 8; Anthony Delsanter, 28 T.C. 845 (1957), affd. in part and revd. in part on other issues 267 F. 2d 39 (C.A. 6, 1959). Since the respondent has conceded the fraud issue, Decision will be entered under Rule 50 in Docket Nos. 2399-62 and 2400-62. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩