FRED W. PRELLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Preller v. Commissioner
Docket No. 7874-72.
United States Tax Court
T.C. Memo 1976-183; 1976 Tax Ct. Memo LEXIS 220; 35 T.C.M. (CCH) 803; T.C.M. (RIA) 760183; June 9, 1976, Filed Larry Kars, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax for the following years and in the amounts indicated: DEFICIENCY
Tax Year
Additions to Tax Under Sections
Ended
Dec. 31
Tax
291(a)
293(b)
294(d)(1)(A)
6653(b)
6654
1946
$ 3,013.40
$ 415.11
$1,506.70
$ 149.44
1947
2,869.00
404.38
1,434.50
145.58
1948
3,449.29
500.24
1,724.65
180.09
1949
3,842.54
615 .52
1,921.27
221.58
1950
4,651.84
728.46
2,325.92
262.25
1951
4,648.00
716.36
2,324.00
257.89
1952
5,100.50
794.63
2,550.25
286.07
1953
6,040.00
911.70
3,020.00
328.22
1954
9,147.09
532.12
$ 4,573.55
1955
15,045.00
7,522.50
$ 215.29
1956
9,546.38
4,773.19
120.78
1957
9,388.90
4,694.45
118.29
1958
11,050.0 0
5,525.00
152.09
1959
9,131.35
4,565.68
94.89
1960
9,146.55
4,573.28
97.30
1961
21,325.88
10,662.94
430.00
1962
18,560.90
9,280.45
371.26
1963
11,354.93
5,677.46
242.11
Totals
$157,311.55
$5,086.40
$16,807.29
$2,363.24
$61,848.50
$1,842.01
*221 The issues for decision are (1) whether the deficiencies as determined by respondent are barred by the statute of limitations;(2) whether, if the deficiencies are not barred, petitioner is liable for the deficiencies and additions to tax under the provisions of sections 291(a) and 294(d)(1)(A), I.R.C. 1939, and section 6654, I.R.C. 1954, as determined by respondent for failure to sustain his burden of proof or properly prosecute the case; and (3) whether respondent has shown by clear and convincing evidence that part of the deficiency or underpayment in tax for each of the years here in issue is due to fraud so as to cause petitioner to be liable for the addition to tax for fraud under section 293(b), I.R.C. 1939, and section 6653(b), I.R.C. 1954. Petitioner, Fred W. Preller, [1] was an individual residing in Queens Village, New York at the time his petition in this case was filed. Petitioner filed no Federal income tax returns for any of the years 1946 through 1963. During the years 1946 through 1963, petitioner was a New York State assemblyman and at various times during these years served as chairman of the Temporary State Commission of Revision of the Civil Service Law, vice *222 chairman of the Joint Legislative Committee on Reapportionment, chairman of the Ways and Means Committee, member of the Committee on Banks, and chairman of the Queens County Republican Committee. Petitioner was also a securities consultant employed by Eastman Dillon, Union Securities and Company during the years 1946 through 1963. *223 For the years 1952 through 1962 petitioner filed New York State income tax returns.For the year 1961 petitioner on his New York State income tax return, under the line "Total income (from line 9 of Federal return)," reported $27,965, and for the year 1962, under this same designation, reported $25,366. For the years 1959, 1960, 1961, 1962, and 1963 petitioner received total wages from The Assembly, State of New York, of $7,500, $7,500, $7,500, $7,500, and $10,000, respectively, and $1,000, $1,000, $2,500, $2,500, and $1,000, respectively, in lieu of expenses. For the years 1958, 1959, and 1960 petitioner received total wages from Eastman Dillon, Union Securities and Company of $19,100, $19,600, and $19,310, respectively. On January 31, 1969, petitioner was convicted on a plea of guilty for willful failure to file a Federal income tax return for the calendar year 1961 under section 7203, I.R.C. 1954. In the fall of 1964, when a special agent contacted petitioner with respect to his Federal income tax returns for the years 1946 through 1963 and informed him that the Internal Revenue Service had no record of returns having been filed by him for those years, petitioner stated *224 to the special agent that his nephew had prepared and filed income tax returns for him for these years, but that his nephew was now deceased. In fact petitioner's nephew had not prepared and filed income tax returns for petitioner. Respondent determined that petitioner had received taxable income from the State of New York and from Eastman Dillon, Union Securities and Company in each of the years 1946 through 1963, and determined the deficiencies as heretofore set forth. Respondent determined that no declarations of estimated tax for any of the years 1946 through 1963 had been filed by petitioner and therefore determined additions to tax for the years 1946 through 1954 under section 294(d)(1)(A), I.R.C. 1939, and for the years 1955 through 1963 determined additions to tax under section 6654, I.R.C. 1954, for underpayment of estimated tax. Since no income tax returns were filed by petitioner for any of the years 1946 through 1963, the assessment and collection of deficiencies is not barred by the statute of limitations for any of these years. Since no appearance was made by or on behalf of petitioner at the trial of this case, petitioner has failed to carry the burden of proof *225 with respect to the determination of deficiencies made by respondent and therefore we sustain respondent's determination. Flomarcy Company, Inc. v. Commissioner, 324 F. 2d 730 (2d Cir. 1963), affirming per curiam a Memorandum Opinion of this Court. Since the record shows that petitioner filed no income tax returns for any of the years here in issue, we sustain respondent's additions to tax for failing to timely file returns for the years 1946 through 1954. Since petitioner has failed to prove that he filed any declaration of estimated tax and the burden is on petitioner to show that such declarations were filed, we sustain respondent's determination of additions to tax for each of the years 1946 through 1954 for failure to file declarations of estimated tax, AnthonyDelsanter,28 T.C. 845 (1957), affirmed per curiam 267 F. 2d 39 (6th Cir. 1959), and for the years 1955 through 1963 sustain the additions to tax under section 6654, I.R.C. 1954, for underpayment of estimated tax. The record here shows that over a period of 18 years petitioner filed no Federal income tax returns, although during a number of those years petitioner was *226 filing tax returns with the State of New York representing in some instances that the income as reported was that shown on his Federal income tax return. The record shows that petitioner was a state assemblyman and was employed by a securities company in each of the 18 years in which he filed no Federal income tax returns. For some of those years the record affirmatively shows that petitioner received salaries and wages ranging between $25,000 and $30,000. The record also shows that petitioner made false statements to the special agent assigned to investigate his taxes for the years 1946 through 1963. In our view respondent has shown by clear and convincing evidence that part of the deficiencies and underpayments in petitioner's tax was due to fraud with intent to evade tax. We therefore uphold respondent's determination of additions to tax for fraud in each of the years here in issue. Decision will be entered for respondent.
Footnotes
1. The record in this case shows that petitioner died on August 29, 1974, and that the attorney who had been representing petitioner filed a motion to withdraw because his power of attorney expired with petitioner's death. Attached to this motion was a copy of a letter to petitioner's widow advising her that his power of attorney had expired and calling her attention to the fact that the usual procedure would be to have an executor or administrator appointed for petitioner's estate and substituted as petitioner in the case. Counsel's motion was set for hearing and a copy of the order setting the motion for hearing was served on petitioner's widow and his son. Petitioner's son, Alan J. Preller, filed a response to the order in which he stated that he was writing on behalf of himself and his mother (petitioner's widow), that his father left no estate and therefore no executor or administrator had been appointed and there was no objection to the withdrawal of counsel. In this response he requested that neither he nor his mother be further involved in the matter. Respondent made no objection to the withdrawal of counsel and on April 20, 1976, motion of counsel to withdraw was granted.↩