RICHARD C. LUSSY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lussy v. Commissioner
Docket No. 25500-93.
United States Tax Court
T.C. Memo 1995-393; 1995 Tax Ct. Memo LEXIS 393; 70 T.C.M. (CCH) 427; August 16, 1995, Filed *393 Decision will be entered under Rule 155. Richard C. Lussy, pro se. James P. Dawson, for respondent. DINAN, Special Trial Judge DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's 1990 Federal income tax in the amount of $ 6,328 and an addition to tax pursuant to section 6662(a) in the amount of $ 1,265.60. After concessions by the parties, [2] the issues for decision are: (1) Whether petitioner is entitled to a deduction in the amount of $ 18,507 on Schedule C for legal fees paid; (2) whether petitioner is entitled to claim an additional depreciation deduction on Schedule C in the amount of $ 2,669.39; (3) whether petitioner is entitled to an additional deduction *394 for travel in the amount of $ 4,544.21; (4) whether petitioner is entitled to additional charitable contribution deductions in the amount of $ 5,885 [3]; and (5) whether petitioner is liable for an addition to tax pursuant to section 6662(a) for negligence. Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Jensen Beach, Martin County, Florida, on the date the petition was filed. In 1988, petitioner moved to Martin County, Florida, and took a position with the Martin County Property *395 Appraiser's Office working under the then-elected Property Appraiser, A.D. Malfregeot. In 1988, petitioner resigned from his position with the Property Appraiser's Office and became a candidate in the Martin County Property Appraiser's election but was defeated. Prior to the election, in the late evening of July 1, 1988, petitioner was in a known drug area of Martin County, called Stuart, when he was stopped by Sergeant David Gorny, a member of the City of Stuart Police Department for allegedly running a stop sign. During the course of Sergeant Gorny's routine interrogation, petitioner sarcastically suggested to Sergeant Gorny that he was in the area looking for a woman (the statement). The statement was incorporated in the court information sheet by Sergeant Gorny which was attached to the traffic citation. The statement also became the grounds for a lawsuit filed by petitioner against Sergeant Gorny (the lawsuit). [4]
*396 Ultimately, a judgment [5] was rendered against the petitioner and at the time of this trial, the judgment was on appeal. Petitioner incurred legal fees with respect to the lawsuit in the amount of $ 18,507 which were paid during 1990. During 1990, petitioner, among other activities, was self-employed as a real property appraiser and reported his income and expenses on Schedule C (Schedule C-1). On Schedule C-1 of his 1990 Federal return petitioner claimed $ 18,507 in legal fees as ordinary and necessary business expenses. In addition to petitioner's real estate appraisal business reported on Schedule C-1, petitioner reported income and expenses associated with his pay phone business on a second Schedule C (Schedule C-2). [6]
*397 On Schedule C-2 of his 1990 Federal return petitioner claimed a depreciation deduction in the amount of $ 3,915. Respondent disallowed $ 2,669.39 of that amount. [7] The depreciation deduction allowed by respondent, was calculated using the "modified accelerated cost recovery system" (MACRS) on phone equipment acquired in 1987 at a cost of $ 9,972.90. Petitioner testified that he had other expenditures in addition to the acquisition cost of the pay phones, but failed to produce any documentary evidence on the nature or cost of the other expenditures. Petitioner further testified that one pay phone was never used after installation, and he apparently deducted its total cost on his return. Furthermore, petitioner presented no evidence as to the cost of the phone equipment written off or his basis for doing so. Petitioner *398 also was otherwise employed during 1990, and received and reported wages in the amount of $ 27,110. Petitioner traveled to perform employment services and, on Form 2106, Employee Business Expenses, claimed vehicle expenses for travel in the amount of $ 1,060. Petitioner also claimed $ 4,937 for travel expenses associated with his real estate appraisal business on Schedule C-1. Respondent disallowed $ 4,544.21 of petitioner's total $ 5,997 travel expenses claimed. Petitioner stated that he kept a travel diary and that the total amount claimed represented travel expenses paid by him, but produced no documentary evidence to support his testimony. Petitioner also did volunteer work during 1990 for the American Cancer Society, American Red Cross, and Volunteer Income Tax Assistance (VITA). On his 1990 Federal return, petitioner claimed charitable contribution deductions in the amount of $ 3,645 to the American Red Cross, $ 2,000 to the American Cancer Society and $ 240 to the Catholic Church of Saint Clare, which were disallowed by respondent. Petitioner was unable to produce canceled checks for the amounts claimed. Other than his testimony, petitioner's only evidence to support the *399 charitable contribution deductions taken, was his check register. Petitioner's check register listed the claimed amounts to the American Red Cross and the American Cancer Society. Petitioner stated that the amounts claimed represented some cash and his time and effort expended through volunteer services and a political agreement with the American Red Cross and the American Cancer Society. Petitioner did not elaborate as to the terms of any such agreement or why such agreement would justify the charitable deductions claimed. Petitioner did not specifically address the charitable contribution deduction regarding the Catholic Church of Saint Clare. Furthermore, petitioner suggested that a portion of the charitable contribution deductions consisted of cash but that he did not know exactly how much of the amount claimed was in fact cash. Finally, petitioner noted at trial that he was certified to assist elderly individuals with their income tax returns through VITA and had education and experience in income tax preparation. The first issue for decision is whether petitioner is entitled to deduct legal fees on Schedule C-1 in the amount of $ 18,507. The substantiation of the legal fees *400 paid is not in issue; the only question before us is the nature of the payment. Petitioner contends that the legal fees are ordinary and necessary business expenses and deductible on Schedule C-1 because the nature of his claim was to protect his profession. Respondent contends that the legal fees are nondeductible personal expenses. Deductions are strictly a matter of legislative grace, and petitioner bears the burden of proving he is entitled to any deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). To be entitled to a business expense deduction for legal fees under section 162, the taxpayer must prove that the expenses were: (1) Ordinary and necessary, (2) paid or incurred in carrying on a trade or business, (3) incurred during the taxable year in which the taxpayer seeks to deduct them, and (4) paid by the person to whom the services were rendered. Sec. 162(a). Furthermore, the taxpayer must show that the claimed deduction is not disallowed under other provisions of the Code. Sec. 161. This means that petitioner must be able to show, inter alia, that the legal fees were not incurred for personal reasons. Sec. *401 262. Furthermore, the deductibility of legal fees turns on the origin and nature of the claim involved rather than its potential consequences upon the fortunes of the taxpayer. United States v. Gilmore, 372 U.S. 39, 49 (1963). Whether legal expenses are a deductible expense or a nondeductible personal expense pursuant to section 262(a) depends upon the character of the claim that gives rise to the payment of the legal fees. Id.
Petitioner has failed to show that the legal fees paid were ordinary and necessary business expenses. In addition, petitioner has not shown that the legal fees were not paid for personal reasons. The origin of the claim was a personal matter and not connected with petitioner's real estate appraisal business. The lawsuit arose from a traffic violation that was unrelated to petitioner's income-producing activities. Petitioner has failed to prove that the legal fees paid are allowable under section 162. Rule 142(a). The second issue for decision is whether petitioner is entitled to an additional depreciation deduction in the amount of $ 2,669.39 on Schedule C-2. Petitioner contends that there were additional expenditures *402 separate and apart from the acquisition cost of pay phones. Respondent contends that petitioner has not substantiated the disallowed amount. A taxpayer is required to substantiate claimed deductions by maintaining the records needed to establish his entitlement to such deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. The Court is not required to accept a taxpayer's unsubstantiated testimony. Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964). As noted previously, section 162(a) allows a deduction of all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Section 167 provides, in part, for a depreciation deduction with respect to "property used in the trade or business". Depreciation allows the taxpayer to recover the cost of the property used in a trade or business or for the production of income. United States v. Ludey, 274 U.S. 295, 300-301 (1927); Southeastern Bldg. Corp. v. Commissioner, 3 T.C. 381, 384 (1944), affd. 148 F.2d 879 (5th Cir. 1945). *403 Under section 168, the depreciation allowed under section 167(a), with respect to property placed in service after 1986, is generally referred to as MACRS, which was introduced into law by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 201 (a), 100 Stat. 2085, 2121-2137. Petitioner testified that there were additional expenditures, such as the mounting that was "separate and aside" from the cost of the phone equipment. Petitioner offered no evidence to support the claimed cost of the additional expenditures. Further, petitioner testified that one pay phone was "installed and never used, and disconnected". Petitioner deducted its total cost without submitting any basis for doing so. Petitioner failed to substantiate the additional deprecation claimed. Sec. 6001; Rule 142(a). Furthermore, this Court need not accept petitioner's unsubstantiated testimony. Wood v. Commissioner, supra.We find that petitioner is not entitled to the additional depreciation claimed. The third issue for decision is whether petitioner is entitled to additional travel expenses totaling $ 4,544.21. Petitioner contends that the amount allowed by respondent represents an *404 arbitrary percentage of the total miles traveled by him. Respondent contends that petitioner has failed to substantiate the additional amount claimed. On Schedule C-1, petitioner claimed $ 4,937 for travel and on Schedule A, Form 2106, petitioner claimed $ 1,060 for travel. Respondent disallowed $ 4,544.21 of the total amount claimed for lack of substantiation. Section 162(a)(2) allows a deduction for traveling expenses, including amounts paid for meals and lodging, if the expenses are: (1) Reasonable and necessary traveling expenses (e.g., transportation costs and food and lodging); (2) incurred "while away from home"; and (3) incurred in pursuit of a trade or business. If the three conditions are satisfied, the deduction for traveling expenses away from home, including meals and lodging, under section 162(a)(2) must be substantiated in accordance with section 274(d) by "adequate records" or by other sufficient evidence corroborating the claimed expenses. Sec. 1.274-5(a)(1), Income Tax Regs. To meet the "adequate records" requirements of section 274(d), a taxpayer "shall maintain an account book, diary, statement of expense or similar record * * * and documentary evidence * * * *405 which, in combination, are sufficient to establish each element of an expenditure". Sec. 1.274-5(c)(2)(i), Income Tax Regs.
Petitioner testified that he was forced to do subcontract work outside of the Martin County area and therefore "did a lot of traveling, and it was all on-job". Petitioner testified that he "did keep a [travel] diary" but failed to produce the travel diary at trial and failed to explain its absence. Other than his testimony, petitioner produced no evidence to establish that he paid travel expenses in an amount greater than that allowed by respondent and respondent's determination will be sustained. Next, we must consider whether petitioner is entitled to additional charitable contribution deductions in the amount of $ 5,885. Petitioner contends that the claimed amounts represent time and effort expended by him through volunteer service and agreements between him and the charitable organizations. Respondent contends that petitioner has failed to substantiate the additional amounts claimed. In general, a taxpayer is entitled to deduct charitable contributions made during the taxable year to or for the use of certain types of organizations. Sec. 170(a)(1),(c). *406 However, the law is clear that no deduction is allowable under section 170 for the fair market value of a contribution of personal services. Grant v. Commissioner, 84 T.C. 809, 816 (1985), affd. without published opinion 800 F.2d 260 (4th Cir. 1986); sec. 1.170A-1(g), Income Tax Regs. Furthermore, volunteer work is a nondeductible charitable contribution of personal services. Taylor v. Commissioner, T.C. Memo. 1992-174. Petitioner testified that the amounts claimed represented "time and effort and cash" but that "there were no checks written for these amounts." Petitioner is not entitled to charitable contribution deductions for services provided to the charitable organizations. Taylor v. Commissioner, supra. Petitioner testified that the charitable contribution deductions represented "time and effort and cash" but failed to substantiate what portion, if any, of the charitable contribution deductions constituted cash. Petitioner is therefore not entitled to the additional charitable contribution deductions. Finally, we must consider whether petitioner is liable *407 for the section 6662(a) accuracy-related penalty. Section 6662(a) imposes a 20-percent penalty on the portion of the underpayment attributable to any one of various factors, one of which is negligence. Respondent determined that petitioner is liable for the accuracy-related penalty imposed by section 6662(a), and that the entire underpayment of tax was due to negligence. "Negligence" includes a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.
However, section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment, if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and good faith within the meaning of *408 section 6664(c)(1) is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.
Respondent's determination of negligence is presumed to be correct, and petitioner bears the burden of proving that the penalty does not apply. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Bixby v. Commissioner, 58 T.C. 757, 791-192 (1972). Petitioner testified that he had"educational experience in income tax preparation", yet failed to substantiate many of respondent's disallowed amounts. Based on the record, we find petitioner has failed to meet his burden of proof with respect to the addition to tax. Rule 142(a). Accordingly, we find petitioner is liable for the addition to tax pursuant to section 6662(a). To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At trial, petitioner conceded that he had unreported interest income in the amount of $ 72. Respondent conceded a charitable contribution deduction in the amount of $ 75 and a deduction in the amount of $ 442.50 for one-half of petitioner's Social Security tax.↩
3. The notice of deficiency determined that $ 4,233 was disallowed as a charitable contribution deduction. At trial and on brief respondent disallowed $ 5,885.↩
4. The lawsuit alleged Defamation (Count I), Invasion of Privacy (Count II), and Intentional Infliction of Emotional Distress (Count III).↩
5. By Final Judgment, Case No. 90-853 CA, rendered March 5, 1993, in the Circuit Court of the 19th Judicial Circuit in and for Martin County, Florida.↩
6. The record does not reflect the nature of petitioner's pay phone business.↩
7. At trial, respondent stated that the amount allowed was $ 2,669.39. However, the notice of deficiency disallowed $ 2,669.39 and allowed $ 1,245.61. We find that $ 2,669.39 is the amount in issue.↩