T.C. Memo. 1995-578

UNITED STATES TAX COURT

RAHIM A. AND LISA R. MUNSHI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9423-94.                    Filed December 5, 1995.

Rahim A. Munshi, pro se.

<u>Maria Murphy</u>, for respondent.

MEMORANDUM OPINION

NAMEROFF, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent determined a deficiency in petitioners' 1991 Federal income tax in the amount of $791.

---

[1]     All section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issues for decision are: (1) Whether petitioners are entitled to Schedule C depreciation expense in the amount of $3,200, and (2) whether petitioners are entitled to Schedule C rental expense in the amount of $2,410.

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Cerritos, California, at the time of the filing of this petition. Because the activities herein were conducted by Rahim A. Munshi, all further references to "petitioner" will be to Mr. Munshi. During the year at issue, petitioner was a full-time engineer in the aerospace department of Northrop Corporation.

For some time, because of defense cutbacks and company layoffs, petitioner had become concerned about job security. He decided to go into real estate as another source of income and obtained a real estate salesperson license on July 2, 1990. After obtaining his license, petitioner researched real estate offices to find a place to hang his real estate license.

Petitioner became associated as a real estate salesperson with Real Estate Plus, Inc. (REP), which was operated by broker Wray Beihagi. Pursuant to the "Real Estate Special Commission Choices" agreement signed by petitioner on October 10, 1990,

---

[2] Respondent conceded $840 of the Schedule C rental expense. Petitioners conceded that they received interest income of $265.

petitioner was to receive a 100-percent commission from the listing and selling of real properties; however, petitioner was required to pay REP $70 per month for sharing a desk and $100 at the close of any escrow. In addition, petitioner was required to pay for all Board of Realtors and Multiple Listing Service (MLS) fees, listing input fees, real estate forms, advertising, stationery, real estate signs, and stamps. Further, petitioner was to keep track of, and was charged for, all telephone calls, facsimiles, copy paper, use of REP's conference room, and computer time (if charges were incurred). Petitioner considered these expenses an additional rental expense.

Petitioner received monthly bills from REP, which charged fees for the support services that were used by petitioner. Petitioner did not pay these bills promptly because he was not selling properties. Petitioner usually paid these bills 2 to 3 months late.[3]

In 1988 or 1989, petitioner purchased a MacIntosh 2X computer. Petitioner also purchased a color monitor, laser printer, copy machine, and facsimile machine. In addition, petitioner purchased extensive software which he used, in part, to access the MLS service. Petitioner allegedly obtained a loan

---

[3] Petitioner was invited to supplement the record with copies of billing statements, receipts, invoices, or canceled checks to support his claimed deduction for rental expense within 30 days after trial. No such documents have been submitted.

in the amount of $10,000 from his credit union to purchase all of this equipment.[4]

Petitioner kept his computer in a garage that he had converted into an office. Petitioner spent an average of 2 to 3 hours each evening in his garage office. Generally, petitioner spent more time in the garage office during the weekends. Petitioner spent much of this time setting up the computer, installing the software, debugging the system, and learning how to use the computer and software. In addition, petitioner spent time learning to use MLS. Although the computer allegedly was primarily used for petitioner's real estate activities, he has recently installed some computer games for his children.

Petitioner kept no records of the amount of time he devoted to his real estate activity in 1991. During his first 2 years as a real estate salesperson, petitioner learned the basics of how to be a real estate salesperson. By attending seminars and training courses or teaching himself, petitioner learned how to make cold calls, do appraisals, download data, and use MLS. During 1991, petitioner had no income from his real estate activity and did not have any clients. However, respondent did

---

[4] Petitioner's opportunity to supplement the record was extended to include a copy of the loan agreement. See supra note 3. It is unclear whether the software for the MLS service was purchased prior to petitioner's obtaining his real estate license and becoming associated with REP.

not contend that petitioner was not "carrying on" this activity or that section 183 is involved herein.

Depreciation

On the Schedule C attached to petitioner's 1991 return, petitioner claimed a deduction in the amount of $3,200 for depreciation. This deduction pertains to the computer and other equipment allegedly purchased for $10,000. Respondent disallowed this entire amount.

A taxpayer may deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Sec. 162(a). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any claimed deductions. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933). This includes the burden of substantiating the amount and purpose of the item claimed. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs. However, if certain claimed deductions are not adequately substantiated, we are permitted to estimate them, provided we are convinced from the record that the taxpayer has incurred such expenses, and we have a basis upon which to make an estimate. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 735 (1985).

Section 167 provides, in part, for a depreciation deduction with respect to property used in a trade or business. Depreciation allows the taxpayer to recover the cost of the property used in a trade or business or for the production of income. United States v. Ludey, 274 U.S. 295, 300-301 (1927); Southeastern Bldg. Corp. v. Commissioner, 3 T.C. 381, 384 (1944), affd. 148 F.2d 879 (5th Cir. 1945). To substantiate entitlement to a depreciation deduction, the taxpayer must show that the property was used in a trade or business (or other profit-seeking activity). In addition, the taxpayer must establish the property's depreciable basis. E.g., Delsanter v. Commissioner, 28 T.C. 845, 863 (1957), affd. 267 F.2d 39 (6th Cir. 1959); Kerrigan v. Commissioner, T.C. Memo. 1995-483; Greenway v. Commissioner, T.C. Memo. 1980-97.

Petitioner has failed to substantiate any depreciable basis for the office equipment. According to petitioner's testimony, he obtained a loan in the amount of $10,000, which he used to purchase various pieces of office equipment in 1988 or 1989. However, petitioner has failed to present detailed testimony, the loan agreement, or any other documentation such as receipts, invoices, or canceled checks to substantiate the cost of such equipment. Thus, petitioner has failed to substantiate any depreciable basis for the equipment. Moreover, petitioner has failed to substantiate the extent to which the office equipment

was used in his trade or business or other profit-seeking activity. Accordingly, we sustain respondent on this issue.

Rental expense

On the Schedule C attached to petitioner's 1991 return, petitioner claimed a deduction in the amount of $3,500 for rental expense. Respondent has allowed $840.

According to petitioner's testimony, he received bills from REP for various support services that he used during 1991. However, petitioner presented no documentation such as receipts, invoices, canceled checks, or detailed testimony to substantiate the amounts he spent, or the amounts charged by REP, for support services. Thus, petitioner has failed to substantiate the amount disallowed. Accordingly, we sustain respondent on this issue.

To reflect the concessions in this case,

Decision will be entered

under Rule 155.